UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES, | Case No. 4:20-cr-00127-DCN |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MANUEL CURIEL, JR., | |
| Defendant. | |

# I. INTRODUCTION

Pending before the Court is Defendant Manuel Curiel's Motion to Suppress Evidence. Dkt. 27. On September 21, 2021, the Court held an evidentiary hearing and took the motion under advisement. For the reasons outlined below, the Court DENIES the motion.

# II. BACKGROUND

On January 3, 2020, Amanda Beltron reported to the Cassia County Sheriff's Office that her vehicle and personal belongings in it were stolen. The vehicle was recovered, but her iPhone was not. Then on January 21, 2020, she received an email notifying her that the iPhone was turned on near 200 Nancy Drive, Burley, Idaho. She informed Cassia County Deputy Jordan Ledesma of this notification, and he applied for a search warrant of 200 Nancy Drive.

Magistrate Judge Mick Hodges approved a no-knock, nighttime warrant for the residence and out-buildings based on the iPhone notification and information that the

MEMORANDUM DECISION AND ORDER - 1

Cassia County Sherriff's Office had prior contact with the residence involving firearms and drug trafficking. The warrant was executed by multiple law enforcement officers at approximately 8 p.m. on January 21.

Deputy Ledesma and Deputy Levi Smith knocked on the door of a trailer on the property and then detained Curiel outside the trailer. Deputy Smith then entered the trailer to conduct a security sweep. While inside, Deputy Smith noticed drug paraphernalia, firearms, and a clear plastic bag containing methamphetamine. Outside, the deputies told Curiel that they were looking for the stolen iPhone, and Curiel told them it was in a pair of pants inside of the trailer. With Curiel's assistance, the phone was found inside the trailer. Meanwhile, Corporal David Potter, who was standing at the door of the trailer talking to Curiel about the stolen iPhone, looked inside the trailer and saw two firearms, makeshift bongs, and a large bag of a substance he recognized as methamphetamine. Corporal Potter entered the trailer and seized the bag. He then applied for and obtained an additional search warrant for evidence of controlled substance distribution and paraphernalia. That search led to a third warrant for Curiel's cellphone for evidence of drug sales. This is the testimony at the hearing. It was not contradicted.

### III. LEGAL STANDARD

The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures by the government. U.S. Const. amend. IV. While "[t]he Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands," *United States v. Leon*, 468 U.S. 897, 906 (1984), the exclusionary rule is "a judicially created remedy designed to safeguard Fourth

Amendment rights generally through its deterrent effect," *United States v. Calandra*, 414 U.S. 338, 348 (1974). Under the exclusionary rule, "illegally seized evidence" cannot be used "against the search victim in a criminal trial." *Id.* at 350; *see also Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

When a defendant challenges a warrantless search or seizure, the government bears the burden of establishing by a preponderance of evidence that the search or seizure did not violate the Fourth Amendment. *See United States v. Carbajal*, 956 F.2d 924, 930 (9th Cir. 1992); *United States v. Johnson*, 936 F.2d 1082, 1084 (9th Cir. 1991); *see also United States v. Jeffers*, 342 U.S. 48, 51 (1951).

"The plain view doctrine allows the warrantless seizure of property in plain view when the officer is lawfully on the premises, the incriminating character of the evidence is 'immediately apparent,' and the officer 'has a lawful right of access to the object itself.'" *Weaver v. Multonam Cty.*, 142 F.3d 447 (9th Cir. 1998) (citing *Horton v. California*, 496 U.S. 128, 136–42 (1990)).

## IV. ANALYSIS

The Government relies on the plain view doctrine to justify its discovery and seizure of the plastic bag since the first warrant only authorized a search for the iPhone. The second and third warrants stemmed from this discovery.

The Court held an evidentiary hearing because in his brief Curiel offered different facts about how the search was executed. *See generally* Dkt. 27. "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that

MEMORANDUM DECISION AND ORDER - 3

contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). However, at no point during the hearing did Curiel contradict the facts presented by the Government.

Rather, Curiel raised issues regarding supposed errors and deficiencies in the warrant and warrant application. These errors, discussed more in detail below, do not change the Court's conclusion that the officers were lawfully on the premises when they saw in plain view the clear plastic bag containing what immediately appeared to be methamphetamine.

### A. Plain View

The dispute is not whether the bag was in plain view to someone inside the trailer but rather whether the officers had the authority to be inside the trailer. The plain view doctrine can apply only if the "officer is lawfully on the premises." *Weaver v. Multonam Cty.*, 142 F.3d 447 (9th Cir. 1998) (citing *Horton v. California*, 496 U.S. 128, 136-42, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)).

All evidence submitted prior to the hearing supports the Government's position that the officers were lawfully present when they saw the clear plastic bag. *See generally* Dkt. 27-2 (case reports from Deputy Ledesma and Corporal Potter after the search). And at the hearing, none of the witnesses, including Curiel's witnesses, contradicted the story that the evidence was discovered in plain view during the security sweep and search of the iPhone.

Because the officers were both lawfully present and it was immediately apparent that the bag contained a controlled substance, the plain view doctrine applies. As such, the

Court finds that the Government has met its burden of establishing by a preponderance of evidence that the search and seizure did not violate the Fourth Amendment.

### B. Errors in the Warrant

At the hearing, Curiel tried to cast aspersions on the validity of the warrant by identifying perceived deficiencies and errors. The foremost issued raised by Curiel is that the warrant and the affidavit did not match precisely.[1] The warrant affidavit only established probable cause to search for the phone (Dkt. 28-1), but the warrant mistakenly authorized a search for controlled substances (Dkt. 28-2). Deputy Ledesma testified that this was a clerical error made by using a past warrant as a template. But because the warrant did authorize a search for the stolen property and referenced the warrant application, the Government argues that this error does not invalidate the warrant.

A warrant error may be remedied if the warrant incorporates the application affidavit. *Groh v. Ramirez*, 540 U.S. 551, 557–58 (2004). Even if the error is not remedied by incorporation, the Ninth Circuit "has embraced the doctrine of severance, which allows us to strike from a warrant those portions that are invalid and preserve those portions that satisfy the fourth amendment. Only those articles seized pursuant to the invalid portions

---

[1] Curiel also pointed out that when the magistrate judge initialed the front page of the affidavit, he misdated it. This is a typographical error, and it has no effect on the validity of the warrant. Another issue raised by Curiel was that there was no signature by the prosecuting attorney on the affidavit. Again, this has no effect on the validity of the warrant. *See* Idaho §§ 19-4401 *et seq.* (setting forth the requirements for the affidavit and warrant). He also claimed that the search warrant affidavit was inaccurate in referring to "prior search warrants" in the plural when in fact there had only been one prior search warrant on which Deputy Ledesma based the need for a no-knock warrant. This too does not change the conclusion because the officers *did* knock and ultimately this Court defers to the magistrate judge's determination of probable cause since there was a substantial basis for that determination. *See Leon*, 468 U.S. at 915.

MEMORANDUM DECISION AND ORDER - 5

need be suppressed." *United States v. Gomez-Soto*, 723 F.2d 649, 654 (9th Cir. 1984). Here, the invalid part of the warrant is the line authorizing a search for controlled substances. The Government does not rely on that line for the admission of any piece of evidence. Rather, the Government relies on the plain view exception because the controlled substances evidence was in plain view during the search for the phone.

Furthermore, even if the warrant were invalid, the evidence is admissible under the good faith exception. The good faith exception applies "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Leon*, 468 U.S. at 920. "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Id.* at 921. Here, the officers limited their search to the iPhone. In doing so, they saw in plain view a clear bag holding a crystallized substance. They acted with objectively good faith and remained within the scope of the warrant; indeed, they remained within the scope of the stolen property provision in the warrant, which provision was supported by probable cause. The officers acted on their understanding of what was represented to be in the warrant. Therefore, the evidence recovered from this search is admissible.

## V. CONCLUSION

After reviewing the evidence, the Court finds that the clear bag of methamphetamine was in plain view of the law enforcement officers while they were lawfully executing a search warrant for the iPhone. As such, the seizure of the bag was lawful, and the evidence is not suppressed.

## VI. ORDER

THE COURT HEREBY ORDERS:

1. Defendant's Motion to Suppress (Dkt. 27) is **DENIED**.

DATED: October 14, 2021

David C. Nye
Chief U.S. District Court Judge