UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MANUEL CURIEL, JR.,<br><br>    Defendant. | Case No. 4:20-cr-00127-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Manuel Curiel's Supplemental Motion to Suppress (the "Supplemental Motion"). Dkt. 47. For the reasons outlined below, the Court DENIES the Supplemental Motion to Suppress.

## II. BACKGROUND

On July 19, 2021, Curiel moved to suppress evidence from the search of his trailer on January 21, 2020. Dkt. 27. The Court held an evidentiary hearing on September 21, 2021. Dkt. 36. Thereafter, the Court issued a Memorandum Decision and Order denying the motion to suppress on October 14, 2021. Dkt. 37.

A day later, Curiel's attorney motioned to withdraw as counsel because "the attorney/client relationship ha[d] been irrevocably broken due to Defendant's lack of confidence in counsel's advice." Dkt. 38. Curiel requested this withdrawal. The Court granted this motion and appointed new counsel. Dkts. 40, 42.

Curiel then filed the present Supplemental Motion arguing that his former counsel did not call witnesses at the evidentiary hearing who would testify as to facts that would support Curiel's version of the search. Curiel asks that the Court hold another suppression hearing so that these witnesses may testify. He proposes that this would supplement, rather than replace, the suppression hearing the Court has already held.

During the September 21, 2021, suppression hearing, the uncontradicted testimony of seven law enforcement officers established the following facts: On January 21, 2021, multiple law enforcement officers executed a search warrant for a stolen iPhone at 200 Nancy Drive, Burley, Idaho. Deputy Jordan Ledesma and Deputy Levi Smith knocked on the door of a trailer on the property and then detained Curiel outside the trailer. Deputy Smith then entered the trailer to conduct a security sweep. While inside, Deputy Smith noticed drug paraphernalia, firearms, and a clear plastic bag containing methamphetamine. Outside, the deputies told Curiel that they were looking for the stolen iPhone, and Curiel told them it was in a pair of pants inside of the trailer. With Curiel's assistance, the officers found the phone inside the trailer. Meanwhile, Corporal David Potter, who was standing at the door of the trailer talking to Curiel about the stolen iPhone, looked inside the trailer and saw two firearms, makeshift bongs, and a large bag of a substance he recognized as methamphetamine. Corporal Potter entered the trailer and seized the bag. He then applied for and obtained an additional search warrant for evidence of controlled substance distribution and paraphernalia. That search led to a third warrant for Curiel's cellphone for evidence of drug sales.

Curiel disputes the officers' testimony. He contends that he stood in the doorway

when the officers asked him about the iPhone, and because Curiel was standing there, the officers could not see into the trailer. Curiel retrieved the iPhone from a pair of pants without leaving that position and promptly gave it to the officers. At that point, the officers entered the trailer without Curiel's consent and discovered the drugs and drug paraphernalia. Curiel contends that because the warrant was issued to find the iPhone, the officers did not have authority under the warrant to search the trailer once he handed over the iPhone. Curiel presented this argument in his initial motion to suppress, but he did not testify to these facts at the hearing. Nor did anyone else.

Now Curiel requests that the Court reconsider its ruling on the suppression issue and conduct a new hearing where unidentified witnesses will testify in support of Curiel's version of events. The Government responded to the Supplemental Motion. Dkt. 53. Curiel did not file a reply brief, and the time to do so has passed. Therefore, the Supplemental Motion is now ripe for review.

### III. LEGAL STANDARD

The Supplemental Motion is in effect a motion for reconsideration. Curiel asks that the Court reconsider its decision denying the motion to suppress.

While the Federal Rules of Criminal Procedure do not explicitly address motions for reconsideration, the Ninth Circuit has held parties may seek reconsideration in the criminal context. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). In both civil and criminal cases, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *United States v. Rodriguez-Vasquez*, 4. F. Supp. 3d 1146,

1156 (N.D. Cal. 2013).

Generally, reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or if there is an intervening change in controlling law. *Rodriguez-Vasquez*, 4 F. Supp. 3d at 1156 (quoting *School Dist. No. 1J, Multnomah Cty. Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). In addition, a district court has inherent authority to modify, alter, or revoke non-final orders. *United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990).

### IV. DISCUSSION

Curiel requests that this Court reconsider its order denying his suppression motion and reopen the suppression hearing so that he may have opportunity to present evidence that contradicts the law enforcement officers' testimony. Curiel contends that the new witnesses would testify about the layout of the trailer and the timeline of events. He does not indicate who he would call as witnesses.

Though Curiel wants to add to the evidentiary record, he is not arguing that he has newly discovered evidence. The basis for his argument is that he disagrees with his former counsels "tactical decision" to not call any witnesses other than law enforcement officers. Dkt. 47-1, at 2. Curiel contends that his former counsel "disregarded his express desire" about calling witnesses who could support Curiel's version of events. *Id.* at 4. But Curiel's dissatisfaction with his former counsel's performance at the suppression hearing does not justify reconsideration. *See Gravelle v. Kiander*, 2016WL 2930433, at *2 n.5 (W.D. Wash. May 19, 2016) ("Poor performance by counsel alone does not justify reconsideration of the

order.").[1]

What's more, while Curiel claims that his witnesses will contradict the officers' stories, he does not explain how they would contradict the Government's version of the events. He does not even explain who the witnesses would be. In short, Curiel is asking the Court to assume he has newly discovered evidence without explaining what his new evidence is, but nevertheless asks that the Court make that leap of faith because Curiel thinks his counsel mishandled the hearing.

The layout of the trailer and the timeline of events are not new issues. Rather than seeking to present newly discovered evidence, Curiel seeks to relitigate what the Court has already resolved for purposes of suppression.

Reconsideration is an "extraordinary remedy," *Carroll*, 342 F.3d at 945, and Curiel fails to show that reconsideration is appropriate because of newly discovered evidence, and he makes no argument regarding clear error of the Court, manifest injustice, or change in law. Disagreement with his former counsel's strategy at the suppression hearing is not a reason for the Court to reconsider its ruling. *See United States v. Cerna*, 2010 WL 2941829, *1 (N.D. Cal. Oct. 6, 2010) ("Appointment of replacement counsel did not wipe clean the entire slate of proceedings imputed to [the defendant]. If this was the case, every time new counsel is appointed the relevant defendant would be permitted to re-file every motion submitted prior to replacement of counsel."). The Court warns Curiel that if he secures new counsel again, he may not raise the same suppression issue.

---

[1] By citing to this case, the Court is no way implying that Curiel's former counsel engaged in poor performance or improper trial strategy.

MEMORANDUM DECISION AND ORDER - 5

## V. CONCLUSION

The Court will not reconsider its ruling on this suppression issue. Accordingly, Defendant's Supplemental Motion to Suppress (Dkt. 47) is DENIED.

## VI. ORDER

THE COURT HEREBY ORDERS:

1. Defendant's Motion to Suppress (Dkt. 27) is **DENIED**.

DATED: April 5, 2022

David C. Nye
Chief U.S. District Court Judge